LINA STILLMAN, ESQ
AYGUL CHARLES, ESQ
JESSICA FLORES
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ANASTASIA SANCHEZ *Individually And On Behalf Of Others Similarly Situated*

                        *PLAINTIFF,*

200 CANDY CORP., (D/B/A EDIBLE ARRAGENMENTS) BAQAR SHAH

                        *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Anastacia Sanchez brings this Collective Action Complaint on behalf of herself and similarly situated co-workers against 200 Candy Corp., (d/b/a EDIBLE ARRAGENMENTS) and Baqar Shah (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

1

## NATURE OF ACTION

1. This Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, damages for Plaintiff and similarly situated co-workers.

2. Plaintiff are former employees of Defendants who were ostensibly employed Packing Fruit for EDIBLE ARRAGENMENTS.

3. As described herein, Individual Defendant BAQAR SHAH ("Individual Defendants") employs Plaintiff for the purposes of the instant claims.

4. 200 Candy Corp., (d/b/a EDIBLE ARRAGENMENTS) is a New York Corporation.

5. Individual Defendant BAQAR SHAH operates and controls Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6. At all relevant times, Plaintiff regularly worked for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked

7. At all relevant times, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

10. Plaintiff now bring this Class and Collective Action on behalf of themselves and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

11. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

12. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 USC § 1367.

14. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiff reside in this

District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

17. Plaintiff bring her FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after <u>March 17, 2015</u>, who elect to opt-in to this action (the "FLSA Collective").

18. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

19. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;
   b. Willfully failing to keep records that satisfy statutory requirements.

20. At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half her regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against

Plaintiff's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

21. The claims of Plaintiff stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

22. Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

23. Defendants' unlawful conduct has been widespread, repeated and consistent.

## PARTIES

*Plaintiff*

24. Plaintiff Anastacia Sanchez, ("Plaintiff Sanchez") is an adult individual residing in Bronx, NY. Plaintiff Sanchez was employed by Defendants from 2016 until November 2021. At all relevant times to this complaint, Plaintiff Sanchez was employed by Defendants to cut fruit at 200 Dyckman St. New York NY 10004 in the Washington Heights Section of Manhattan,

25. Plaintiff consents to be a party pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

26. Individual Defendant Shah has owned, operated and controlled 200 Candy Corp., at all times relevant to this complaint.

27. On information and belief, 200 Candy Corp., is a corporation organized and existing under the laws of the State of New York.

28. Upon information and belief 200 Candy Corp., individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

29. On information and belief, the operations of 200 Candy Corp., individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

30. Defendant BAQAR SHAH is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he is sued individually. Defendants BAQAR SHAH has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, BAQAR SHAH has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

31. Defendants operate a Produce Company where the Plaintiff worked. At all relevant times, Individual Defendant BAQAR SHAH possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

32. Corporate Defendants and Individual Defendant are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. At relevant times, each Corporate Defendant possessed substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

34. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35. In the alternative, Corporate Defendants constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between them are fictional.

36. At all relevant times, Individual Defendant were Plaintiff's employers within the meaning of the FLSA, NYLL and other law.

37. Individual Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

38. Individual Defendant supervised Plaintiff's work schedules and conditions of her employment.

39. Individual Defendant also determined the rate and method of payment for Plaintiff and other similarly situated employees.

40. Individual Defendant also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Anastacia Sanchez*

41. Plaintiff is a former employee of Defendants, primarily employed in performing the duties of cutting fruit.

42. Plaintiff did not work at her own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at her pleasure, but rather was controlled by Defendants.

43. Plaintiff worked (5) six days per week for 12hours per day (or 72 hours per week). Many times, Plaintiff had to stay past her regularly scheduled departure time to complete her job duties. Defendants never paid her for that extra time.

44. Plaintiff was paid $10 per hour and was paid in cash.

45. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiff's employment for Defendants was physical labor. Plaintiff did not receive salary and these primary duties

46. Plaintiff Sanchez was employed by Defendants from 2016 until 2021

47. Plaintiff Sanchez regularly handled goods in interstate commerce, such as fruit that was grown and produced outside of the State of New York.

48. Plaintiff Sanchez 's work duties required neither discretion nor independent judgment.

49. Throughout her employment with Defendants, Plaintiff Sanchez regularly worked in excess of 40 hours per week.

50. Defendants did not provide Plaintiff Sanchez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

51. Defendants never provided Plaintiff Sanchez with a written notice of her rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

52. Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying her the proper overtime wages or spread of hours compensation.

53. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as require by federal and state laws.

54. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

55. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

56. Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in

part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) her full hours worked, (2) for overtime due.

58. Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

59. Defendants failed to provide Plaintiff and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

60. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime/Recordkeeping Provisions)**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

66. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67. Defendants took unlawful deductions from Plaintiff's earned wages and the FLSA Collective's earned wages.

68. Defendants, in violated of the FLSA, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

69. Defendants failed to satisfy the FLSA's recordkeeping requirements.

70. Defendants acted willfully in their violations of the FLSA's requirements.

71. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Violation of the Overtime/Recordkeeping/Wage Statement Provisions of NYLL)**

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

74. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

75. Defendants failed to pay Plaintiff (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

76. Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77. Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

78. Plaintiff was damaged in an amount to be determined at trial.

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Plaintiff was damaged in an amount to be determined at trial.

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as require by NYLL §195(1).

83. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorney's fees.

84. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

85. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

86. Defendants acted willfully in her violation of the above-described NYLL requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and their right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Designating Plaintiff as Class Representatives, reasonable service awards for each Plaintiff, and her counsel of record as Class Counsel.

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(f) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(i) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(k) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(n) Awarding Plaintiff and the FLSA class members liquidated damages in an amount

equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

      (o)    Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

      (p)    Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

      (q)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York  
March 17, 2021

                      LINA STILLMAN, ESQ.

                      ___/s/ *Lina Stillman*___  
                      By:    STILLMAN LEGAL, P.C.